UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 02-4792

WILLIAM ROBERT WILLIAMS, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-02-5)

Submitted: January 16, 2003

Decided: January 24, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Roger A. Inger, ROGER A. INGER, P.C., Winchester, Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Robert Williams, Jr., appeals from his conviction for being a felon in possession of a firearm. Williams entered a conditional guilty plea, reserving the right to appeal from the denial of his suppression motion. He was sentenced to thirty-three months imprisonment, and he now appeals, arguing that the stop of his vehicle was not justified under *Terry v. Ohio*, 392 U.S. 1 (1968). We affirm.

Under the Fourth Amendment, a brief, investigatory, warrantless stop of an automobile is permissible if an officer has a reasonable suspicion, based on specific articulable facts, that the occupant of the car has committed a crime. *Id.* at 22-23. As long as the investigatory stop is reasonably related in scope to the circumstances which justified the interference, the stop is constitutionally permissible. *United States v. Sharpe*, 470 U.S. 675, 682 (1985).

Here, the officers were informed, by a 911 call and their own observation, that Williams had just been involved in a domestic altercation with his girlfriend, that he possessed guns during the altercation, that he had previously hit his girlfriend, that he had guns in his vehicle which he was looking to discard, and that he evaded the police when they attempted to pull him over. We find that, based on this information, the officers had a reasonable, specific, and articulable basis to believe that Williams had committed a crime.* *See United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993) (evasive behavior relevant factor in *Terry* analysis). Once Williams was properly stopped, the officers viewed guns in plain sight, and Williams made an inculpatory statement. This information provided probable cause for Williams' arrest and the seizure of the firearms. Thus, the district court did not err in adopting the report and recommenda-

---

*Williams argues that, because West Virginia law requires corroboration of domestic violence allegations before a warrantless arrest may be made, the officers were not permitted to stop Williams' car, as there was no corroboration of the 911 call. *See* W. Va. Code § 48-27-1002(a)(1) (2001). However, the statute sets out requirements for arrests, not for *Terry* stops, which are investigatory by nature.

tion of the magistrate judge and denying Williams' motion to suppress.

Accordingly, we affirm Williams' conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*